**SIMMONS FOODS, INC., Plaintiff,**

v.

**Jeffrey L. WILLIS, et al., Defendants.**

No. 97–4192–RDR.

United States District Court,
D. Kansas.

Sept. 18, 2000.

Brock R. Snyder, Law Office of Brock R. Snyder, Topeka, KS, Troy A. Unruh, The Advocates Group, Pittsburg, KS, for Simmons Foods, Inc.

James M. Yeretsky, Gregory F. Maher, Craig M. Leff, Yeretsky & Maher, L.L.C., Kansas City, MO, Brian J. Amick, Kansas

City, MO, Brian G. Boos, Moser & Marsalek, P.C., Kansas City, MO, for Jeffrey L. Willis.

Richard L. Honeyman, F. James Robinson, Jr., Vince P. Wheeler, Hite, Fanning & Honeyman, L.L.P., Wichita, KS, for Bill H. Raymond and Schultz & Lonker, Chtd.

### MEMORANDUM AND ORDER

WAXSE, United States Magistrate Judge.

In its Memorandum and Order dated February 8, 2000 (doc. 136), this Court deferred ruling on limited portions of the Motion to Compel Discovery (doc. 72) filed by defendant Willis and defendant Willis & Holmes, P.A. ("the Willis Defendants") and the Motion to Reconsider Motion to Compel Discovery (doc. 111)[1] filed by defendant Raymond and defendant Schultz & Lonker, Chtd. ("the Raymond Defendants"). For the reasons stated below, the outstanding portions of these two motions to compel are granted in part and denied in part.

### A. Relevant Background

The Court deferred ruling on those portions of the referenced motions dealing with documents withheld by Plaintiff pursuant to the attorney-client privilege and work product doctrine. *See* February 8, 2000 Memorandum and Order (doc. 136). Contrary to federal rule, Plaintiff failed to provide Defendants with a privilege log with respect to the documents withheld. Because there was no privilege log submitted in conjunction with the motions to compel, the Court did not possess sufficient information to enable it to determine whether each element of the asserted privilege was satisfied. As such, the Court directed Plaintiff to provide a privilege log to Defendants. The Court then directed

Defendants, upon review of Plaintiff's privilege log, to file a supplemental brief for production of those documents they believed were non-privileged.

On March 22, 2000, the Willis Defendants filed a supplemental brief requesting the Court compel Plaintiff to produce all documents listed by Plaintiff in its privilege log (doc. 139).[2] Plaintiff subsequently produced some, but not all, of the documents listed. Plaintiff continues to claim attorney-client privilege and work product protection on the remaining documents listed. In an Order dated July 26, 2000 (doc. 146), the Court ordered Plaintiff to produce for "in camera" inspection documents identified in Plaintiff's privilege log that had not yet been produced. Plaintiff did so on August 8, 2000.

### B. Discussion

As a preliminary matter, this Court already held Plaintiff impliedly waived the attorney-client privilege with regard to confidential communications arising out of the underlying bankruptcy proceeding. *See* Memorandum and Order dated February 2, 2000 (doc. 135). Accordingly, Plaintiff will be required to produce any document listed on its privilege log reflecting confidential communications between Simmons and Mr. Snyder arising out of the underlying bankruptcy proceeding and withheld pursuant to the attorney-client privilege.[3]

Notably, however, each of the documents listed in Plaintiff's privilege log reflect not only claims of protection based on the attorney-client privilege, but protection based on the work-product doctrine as well. The question thus presented is whether the work-product doctrine prohibits Defendants from

---

1. The Raymond Defendants' motion to compel came before the Court in the form of a motion to reconsider. Their prior motion to compel was procedurally denied without prejudice due to their failure to confer as required by local and federal rules (doc. 100).

2. The Raymond Defendants did not file a supplemental brief regarding production of documents listed on Plaintiff's privilege log. Accordingly, that portion of the Raymond Defendants' motion which the Court previously deferred ruling will now be denied as moot.

3. Document Nos. 15 and 16 listed in Plaintiff's privilege log represent correspondence from Randy Hart to John Elrod. Mr. Elrod was a Simmons lawyer in Arkansas who represented the company in various legal matters but not in the underlying bankruptcy case here. Because this Court's previous finding of attorney-client privilege waiver stemmed from the assertion of comparative fault relating to Mr. Snyder's representation of Simmons in the underlying bankruptcy action, such waiver is not applicable to correspondence between Simmons and Elrod. Thus, the attorney-client privilege continues to protect these documents from disclosure.

acquiring the documents listed on Plaintiff's privilege log.

The appropriate starting point is obviously Fed.R.Civ.P. 26(b)(3)[4], which provides:

[A] party may obtain discovery of documents and tangible things ... prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative ... only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

Fed.R.Civ.P. 26(b)(3)[5].

Based on this rule, courts generally have recognized a difference between discovery of documents prepared in anticipation of litigation setting forth factual information and discovery of documents prepared in anticipation of litigation setting forth the mental impressions, conclusions, opinions, or legal theories of an attorney. *See Frontier Refining, Inc. v. Gorman–Rupp Co., Inc.*, 136 F.3d 695, 704 n. 12 (10th Cir.1998). Documents containing factual information prepared in anticipation of litigation generally are referred to by the courts as "fact work product" and documents containing the mental impressions of an attorney generally are referred to as "opinion work product." *Id.*

### A. Fact Work Product

■ The substantial need/undue burden test referred to in the first part of Rule 26(b)(3) applies only to fact work product. *Id.* Therefore, Rule 26(b)(3) prevents discovery of fact work product unless (1) the discovering party demonstrates substantial need for the material and (2) the discovering party is unable to obtain the substantial equivalent of the material by other means without undue hardship. *Id.*

■ The Willis Defendants repeatedly have asserted in prior briefing that they have a substantial need for the materials in Mr. Snyder's legal file so that they can adequately support an affirmative defense of comparative negligence against Mr. Snyder. The Willis Defendants also have asserted that they are unable to obtain the substantial equivalent of the material by other means without undue hardship. Given the unique circumstances presented here, the Court is persuaded that the Willis Defendants have a substantial need for documents representing fact work product in Mr. Snyder's legal file and that the Willis Defendants are unable to obtain the substantial equivalent of the material by other means. Accordingly, the Court will order Plaintiff to produce the following fact work product documents listed in Plaintiff's privilege log: Document No. 2, Document No. 8, Document No. 9, Document No. 10 and Document No. 14.[6]

### B. Opinion Work Product

Unlike protection of fact work product, there is no universally accepted standard regarding the level of protection accorded to opinion work product. "Some courts have held that opinion work product is absolutely protected; others have concluded it may be discovered under compelling circumstances." *Frontier*

---

4. "Unlike the attorney client privilege, the work product privilege is governed, even in diversity cases, by a uniform federal standard embodied in Fed.R.Civ.P. 26(b)(3)." *Frontier Refining, Inc. v. Gorman–Rupp Co., Inc.*, 136 F.3d 695, 702 (10th Cir.1998) (citation omitted).

5. "Work product remains protected even after the termination of the litigation for which it was prepared" and such protection extends to "closely related" subsequent litigation regarding the underlying suit. *Frontier Refining, Inc. v. Gorman–Rupp Co., Inc.*, 136 F.3d at 703.

6. Upon "in camera" inspection of the documents listed in Plaintiff's privilege log, the Court determined Document Nos. 2, 8, 9, 10 and 14 to be fact work product. In other words, there is nothing on the face of these documents to indicate the information contained therein represents the mental impressions, conclusions, opinions, or legal theories of an attorney (e.g., there is no evidence to suggest that Mr. Brock specifically requested the designated information be compiled for him).

*Refining, Inc. v. Gorman–Rupp Co., Inc.,* 136 F.3d at 704 n. 12. In *Holmgren v. State Farm Mut. Auto. Ins. Co.,* 976 F.2d 573, 577 (9th Cir.1992), for example, the court held that opinion work product may be discovered when mental impressions are at issue and need for material is compelling. The United States District Court for the District of Columbia requires a showing of extraordinary justification by the party seeking the discovery in order to overcome protection of opinion work product. *In re Sealed Case,* 676 F.2d 793, 809–10 (D.C.Cir.1982). Finally, in *Duplan Corp. v. Moulinage et Retorderie de Chavanoz,* 509 F.2d 730, 735 (4th Cir.1974), the court held opinion work product is absolutely protected. Neither the United States Supreme Court nor the Tenth Circuit have decided whether opinion work product is absolutely immune from discovery. *Upjohn Co. v. United States,* 449 U.S. 383, 401–02, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981) (declining to decide whether any showing of necessity can overcome opinion work product protection); *Frontier Refining,* 136 F.3d at 704 n. 12.

■ Notwithstanding the split in circuits on this issue, as well as the lack of definitive standard in the Tenth Circuit regarding the level of protection accorded to opinion work product, the Court finds no need to establish a standard here. This is because the Willis Defendants fail to support their claim of entitlement with anything other than their assertions of substantial need and inability to obtain the information without undue hardship. *See Upjohn Co. v. United States,* 449 U.S. at 401–02, 101 S.Ct. 677 (1981) (showing of substantial need and inability to obtain information, without more, is insufficient to compel disclosure of opinion work product). Accordingly, the Court will deny Defendants' request to compel production of the following opinion work product documents listed in Plaintiff's privilege log: Document No. 7, Document No. 11 and Document No. 17.[7]

### C. Conclusion

Based on the discussion above, the following order is hereby entered:

---

7. Upon "in camera" inspection of the privilege log documents, the Court finds Document No. 7, Document No. 11 and Document No. 17 to be opinion work product; in other words, these

(1) The deferred portions of the Willis Defendants' motion to compel discovery (doc. 72) is *granted in part and denied in part:*

(a) The motion to compel is *granted* as to Document No. 2, Document No. 8, Document No. 9, Document No. 10 and Document No. 14 listed in Plaintiff's privilege log and Plaintiff shall produce such documents to the Willis Defendants *within ten (10) days from the date of this Order*

(b) The motion to compel is *denied* as to Document No. 7, Document No. 11 and Document No. 17 listed in Plaintiff's privilege log.

(c) The motion to compel is *denied* as to Document No. 15 and Document No. 16 listed in Plaintiff's privilege log.

(2) The deferred portions of the Raymond Defendants' motion to reconsider their motion to compel (doc. 111) is *denied* as moot.

IT IS SO ORDERED.

■

documents reflect on their face the mental impressions, conclusions, opinions, or legal theories of Mr. Snyder.